## MEDLEY et al. v. VORIS et al.

The omission of a seal in the copy of a citation in the record of appeal will not be considered as establishing that the citation was issued without a seal, it being a common practice with clerks not to copy the seal, in making a copy of the citation.

Where a citation signed by the clerk, purports to have been issued from a District Court sitting in a particular parish, and calls upon the defendant to file his answer in the clerk's office of that court, at a certain place, it is a sufficient description of the place where the clerk's office is held. C. P, 179.

Where notice of protest of a note, payable in a particular parish, is shown to have been mailed, addressed to the indorser at a post office in another parish, in which he resided, it is for him to prove that there was another office nearer to his residence.

An error in allowing interest from the 1st instead of the 4th of the month, on a sum of seven hundred dollars, is too insignificant to justify the reversal of a judgment.

APPEAL from the District Court of Terrebonne, *Randall*, J.

*Beatty*, for the plaintiffs. *Stevens*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The defendant, *R. R. Barrow*, is appellant from a judgment rendered against him on a promissory note, of which he was endorser. After a judgment by default, he filed an exception and answer. The exception presents a general objection to the citation as informal. In his brief, the counse-

presents two alleged points of informality. First : That the citation was not under the seal of the court. As he has not thought proper to produce and offer in evidence the citation served upon him, neither this court, nor the court below, has been enabled to judge if the defect existed ; and, in the absence of such proof, we will presume the clerk did his duty. As to the copy of citation in the transcript of appeal, to which we are referred, it exhibits no seal or copy of a seal; but we do not consider this circumstance as establishing that the citations issued were unsealed, for it has been common for clerks in copying citations in the transcript to neglect to copy or notice the seal. Second : That the place where the clerk's office was held, was not described in the citation. The copy of the citation in the record bears the title of the District Court of the Fifth Judicial District, sitting in and for the parish of Terrebonne, is signed by the clerk, and calls upon the defendant to file his answer in the office of the clerk of said court, at Houma. This designation appears to us a sufficient compliance with the 179th article of the Code of Practice.

The note was dated at Houma, was made payable at a bank in another parish, and the notice was addressed to the appellant at Houma. This being a post town in the parish of Terrebonne, and the appellant being a resident of that parish, the notice must be considered as properly mailed at the place of protest, and properly thus addressed. If there was a post office in Terrebonne parish, or elsewhere, nearer than that of Houma to the appellant's residence, the *prima facie* showing made by plaintiff, threw upon the appellant the burden of proving such proximity. *Yeatman* v. *Erwin*, 5 La. p. 266.

The appellant has also objected that the *original protest and certificate of notice* were offered in evidence, and that it does not appear that either the protest or certificate was recorded. We are at a loss to see how, under the fair intendment of the statute, an original can be considered evidence inferior to a copy of a recorded original.

The appellant complains that interest was given on the sum of $700, from the 1st March, 1846, instead of the 4th March, 1846. The difference is too insignificant to justify us in reversing this judgment, and inflicting on the plaintiffs the costs of an appeal, by which the appellant has gained a delay of some months. *Judgment affirmed.*